Filed 9/13/24  P. v. Portillo CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063878 |
| v. | (Super. Ct. No. FWV22000639) |
| ORLANDO PORTILLO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Michael A. Camber, Judge. Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

After a jury convicted Orlando Portillo of taking a vehicle without the owner's consent, the court imposed a suspended middle term sentence of three years and placed him on mandatory supervision. Portillo argues the trial court abused its discretion in imposing the middle term based on its conclusion his trial testimony was not credible.

Portillo forfeited this argument by failing to object at the time of sentencing. Even if Portillo did not forfeit his argument, it fails on the merits because the trial court did not abuse its discretion in sentencing Portillo to a suspended middle term of three years with mandatory supervision. We therefore affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

On the night of February 18, 2022, J.L. parked his 2016 box truck at the business he owned. The next day, he discovered the truck was missing and reported it stolen to police.

On February 20, 2022, a police officer conducted a traffic stop of J.L.'s truck, which Portillo was driving. The officer observed the locking mechanism on the outside passenger door and the ignition mechanism had been punched out. There were no keys in the ignition. The officer saw two screwdrivers with fresh metal shavings on the tips in the front compartment of the truck, suggesting the screwdrivers were used to open the door and start the truck. Portillo told the officer he was driving the truck home after the owner asked him to repair it. J.L. did not know Portillo and did not give him permission to drive or repair his truck.

Portillo was charged with taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a); count 1) and receipt of stolen property

2

(Pen. Code, § 496, subd. (d); count 2).[1] The information also alleged a sentencing enhancement, pursuant to section 666.5, based on a prior Vehicle Code section 10851, subd. (a) conviction, and alleged aggravating sentencing factors.

During his jury trial, Portillo testified in his own defense and denied knowing the truck was stolen. He acknowledged he had been convicted of a felony theft offense in 2021, which was on appeal at the time of trial.

Portillo testified an unnamed friend came to his house and asked him to provide an estimate to repair a truck. Portillo stated another friend, Raymundo Rios, drove Portillo to a warehouse in Chino where the truck was parked. At the warehouse, another unnamed person, who claimed to be the owner of the truck, told Portillo the ignition cylinder had been damaged when someone tried to steal the truck. Portillo told this person he could repair the truck for $250. Portillo stated he intended to drive the truck to his home where he kept his tools, and the owner would bring him a new ignition cylinder the next day. Portillo also testified he decided to drive the truck to his friend's house instead because he would be unable to park it at home due to street sweeping restrictions.

In April 2023, the jury convicted Portillo of taking a vehicle without the owner's consent (count 1) and found him not guilty of receiving

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

stolen property (count 2).[2] From the record, it appears the trial court found the Penal Code section 666.5 sentencing enhancement to be true on June 16, 2023.

At the sentencing hearing, the probation officer's report recommended the court deny probation and sentence Portillo to the middle term of two years, with the balance of his time to be served on mandatory supervision. The prosecution objected to the probation report and requested Portillo be remanded to custody for lying while testifying at trial. Defense counsel replied she did not "think that lying was, in fact, substantiated." Defense counsel then submitted on the probation report.

The trial court stated: "The Court's going to pick a path between both sides. [¶] Sir, I'm going to give you three years, but I'm going to put you on mandatory supervision on that. Three years is the midterm based on the People demonstrating that you had a prior conviction. The Court didn't believe you when you testified. That's why I'm giving you three instead of two." The court further stated, "I think the probation department was fairly lenient, but it also sounds to me like you have a family to support. And you're working, and I appreciate that. It also sounds like you have a meth problem, and I appreciate that as well. So I hope you deal with it." Defense counsel did not object. The court then imposed and suspended a middle term of three years, and placed Portillo on mandatory supervision.

---

[2] Before his jury trial commenced, the trial court granted Portillo's birfurcation request as to the section 666.5 sentencing enhancement and aggravating factors. Portillo later waived his right to a jury trial as to the enhancement and factors in aggravation.

DISCUSSION

I.

PORTILLO HAS FORFEITED HIS CLAIM OF SENTENCING ERROR

Portillo contends the sentencing court improperly considered his credibility when imposing and suspending the middle term of three years. The Attorney General asserts Portillo forfeited this argument by failing to object on this ground at the time of sentencing. We agree with the Attorney General.

"A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751, citing *People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).) This rule exists to correct errors at trial, obviating the need for appeal: "[C]ounsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing" and "[r]outine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Scott,* at p. 353.) If there is a meaningful opportunity for counsel to object to purported deficiencies in the trial court's statement of reasons for its sentence choices during the sentencing hearing, counsel's failure to object forfeits any appellate claim of error. (*Id.* at p. 356.) Here, Portillo's trial counsel was provided the opportunity to object to the court's reliance on Portillo's crediblity but failed to do so. It is only for the first time on appeal that Portillo makes such a challenge. Therefore, any such claim is forfeited by failure to object at the time of sentencing.

## II.

### PORTILLO'S ARGUMENT IS WITHOUT MERIT

Even if Portillo did not forfeit this argument, it fails on the merits. A trial court enjoys broad discretion in matters involving probation and sentencing, and the party challenging a decision to grant or deny probation bears the burden of establishing the court abused its discretion. (*People v. Catalan* (2014) 228 Cal.App.4th 173, 179.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.'" (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

Portillo failed to meet his burden of demonstrating the trial court abused its discretion in sentencing him to a suspended middle term of three years with mandatory supervision. Because Portillo had a prior felony conviction for vehicle theft, he was subject to an enhanced sentencing scheme under section 666.5, which mandated a sentence of either two, three, or four years. Although the trial court did comment on Portillo's credibility when considering an appropriate sentence, the record shows the court considered the probation department's sentencing report and weighed various other factors in deciding to impose and suspend the middle term. These factors included the circumstances of the crime, Portillo's background, the fact Portillo was working, had a family to support, and had an ongoing methamphetamine addiction that needed to be addressed. The reasons the court gave for its decision to impose a suspended middle term were neither arbitrary nor capricious.

## DISPOSITION

The judgment is affirmed.


MOTOIKE, J.

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.